**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**SHAWN JAMES**<br><br>**and**<br><br>**DARRELL LYNCH,**<br><br>Defendants. | Case No. 18-00129-06/11-CR-W-DGK |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER
OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

**SUPPORTING SUGGESTIONS**

1. On May 22, 2018, the defendants Shawn James and Darrell Lynch and other co-defendants were charged in a twenty-four count Indictment. Relevant to this motion, Count One charged that the defendants knowingly and intentionally combined, conspired, confederated, and agreed with their co-defendants and others, both known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants, regardless of weight, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. ECF No. 1.

2. The Forfeiture Allegation of the Indictment sought a personal money judgment against the defendants Darrell Lynch and Shawn James and other co-defendants for $4,381,200 in United States currency in that such sum in the aggregate, was received in exchange for the unlawful distribution of cocaine and marijuana, or is traceable thereto, based on a conservative average street price of $1,100.00 per ounce of cocaine and the total conspiracy distribution of not less than five kilograms of cocaine, and $1,900 per pound of marijuana and the total conspiracy distribution of not less than 1,000 kilograms of marijuana. *Id.*

3. On April 17, 2019, the defendant Darrell Lynch entered into a plea agreement with the United States in which he agreed to plead guilty to *inter alia* lesser-included offense of Count One of the Indictment charging a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and 846; and consented to the entry of a money judgment in an amount to be determined by the court at sentencing. EFC No. 169.

4. On October 4, 2019, the defendant Shawn James entered into a plea agreement with the United States in which he agreed to plead guilty to *inter alia* lesser-included offense of Count One of the Indictment charging a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; and consented to the entry of a money judgment in an amount to be determined by the court at sentencing. EFC No. 195.

5. The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853, which provides that:

> Any person convicted of a violation of this subchapter…punishable by imprisonment for more than one year shall forfeit to the United States,….
>
> (1) any property constituting, or derived from any proceeds the person obtained, directly or indirectly, as the result of such violations;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation,

. . . .

> The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person to forfeit to the United States all property describe in this subsection.

6. At the time of the arrest of defendant Darrell Lynch, the United States seized $341,622.01 in United States currency, jewelry, and miscellaneous firearms and ammunition. These assets have been administratively forfeited by the Federal Bureau of Investigation. The currency, net proceeds from the sale of jewelry and the retail value of the firearms and ammunition will be applied against the money judgment to be ordered by the Court. The United States has not, as of this date, identified any other specific assets that were derived from the offenses for which the defendant has been convicted.

7. The United States has not, as of this date, identified specific assets that were derived from the offenses for which the defendant Shawn James has been convicted. Nor has the United States identified any property of the defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).

8. The United States requests that the Court orally announce the final calculated amount of the money judgment at the time of sentencing and that the Court include the final calculated amount of the money judgment in its Judgment and Commitment Order. *See* FED. R. CRIM. P. 32.2(b)(4)(B).

9. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Forfeiture money judgments are authorized by 21 U.S.C. § 853(o) and (p). *See United States v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011); *see also United States. v. Hampton*, 732 F.3d 687, 690-91 (6th Cir. 2013) (28 U.S.C. § 2461(c) incorporates 18 U.S.C. § 853 by

reference to civil forfeiture). Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets.

10. The United States Supreme Court recently held that defendants cannot be held jointly and severally liable for forfeiture money judgments in cases arising under 21 U.S.C. § 853. *Honeycutt v. United States*, __ U.S. __, 137 S. Ct. 1626, 1634 (2017). Rather, the extent of the available money judgment and subsequent substitute asset enforcement is bounded by the amount of assets an individual defendant obtained. *Id.*

11. In accordance with the provisions of 21 U.S.C. § 853(p) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter an order directing a money judgment against the defendants Darrell Lynch and Shawn James individually in an amount to be determined by the court at sentencing.

> Respectfully submitted,
>
> Timothy A. Garrison
> United States Attorney
>
> By
>
> */s/ Alison D. Dunning*
> Alison D. Dunning
> Assistant United States Attorney
> 400 E. 9th Street, Fifth Floor
> Kansas City, Missouri 64106
> Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2019, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

                                          */s/ Alison D. Dunning*
                                          Alison D. Dunning
                                          Assistant United States Attorney